NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-178

COMMONWEALTH

vs.

AYYUB ABDUL-ALIM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2018, after a jury-waived trial, a Superior Court judge found the defendant guilty of several firearms offenses, including possession of a large capacity feeding device, G. L. c. 269, § 10 (m).  In 2024, in response to a motion for a new trial, a different judge[1] determined that the trial evidence fell "slightly short of supporting a finding that the defendant knew the magazine was a high capacity feeding device," allowed the defendant's motion, and vacated the guilty finding on the § 10 (m) indictment.  The Commonwealth here argues only that so much of the order as vacated the defendant's conviction on the

_____

[1] The trial judge had retired.

§ 10 (m) indictment was erroneous.[2]  We conclude that there was

sufficient circumstantial evidence at trial to permit the

inference that the defendant knew the magazine recovered by

police could hold more than ten rounds of ammunition and thus

was a large capacity feeding device.  See Commonwealth v.

Cassidy, 479 Mass. 527, 532, cert. denied, 586 U.S. 876 (2018).

Accordingly, we reverse so much of the order as pertains to the

defendant's conviction on the § 10 (m) indictment.

Discussion.  We review the sufficiency of the evidence to

determine "whether, after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a

reasonable doubt" (quotation omitted).  Commonwealth v.

Latimore, 378 Mass. 671, 677 (1979).  "[T]o sustain a conviction

under G. L. c. 269, § 10 (m), the Commonwealth must prove that a

defendant either knew the firearm or feeding device met the

legal definition of 'large capacity' or knew it was capable of

holding more than ten rounds of ammunition."  Cassidy, 479 Mass.

at 529.  A large capacity feeding device is, relevant here, "a

---

[2] The motion judge also, with the Commonwealth's agreement,
vacated the defendant's convictions on several other firearms
charges on the ground that the Commonwealth had presented
insufficient evidence that the defendant lacked a firearms
license.  See Commonwealth v. Guardado, 493 Mass. 1 (2023),
cert. denied, 144 S. Ct. 2683 (2024).  The Commonwealth makes no
argument pertaining to these indictments on appeal.

2

fixed or detachable magazine . . . or similar device that has a capacity of, or that can be readily converted to accept, more than [ten] rounds of ammunition." G. L. c. 269, § 121.

At trial, the Commonwealth introduced into evidence the contents of a black duffel bag hidden above the bathroom ceiling panels in the defendant's apartment. Among the items found inside the bag were a semiautomatic rifle marked "Norinco SKSS 7.62 x 39," a rifle magazine capable of holding thirty rounds of 7.62 x 39 caliber ammunition, twenty-seven live 7.62 x 39 caliber rounds of ammunition capable of being fired from the rifle, and five empty 7.62 x 39 caliber shell casings.[3] A ballistician testified that the rifle was "magazine-fed" and the magazine was compatible with the rifle.

There was no direct evidence that the defendant knew that the magazine had a large capacity magazine as defined under Massachusetts law. However, the requisite "knowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." Cassidy, 479 Mass. at 537 (quotation omitted).

---

[3] The bag also contained armored plates, a bulletproof vest, a .25 caliber semiautomatic pistol, five live rounds of .25 caliber ammunition, a magazine for the pistol, a pistol holster, a live round of .357 Magnum caliber ammunition, fireworks, and a mask.

Based on the trial evidence, viewed in the light most favorable to the Commonwealth, a fact finder could have inferred that the defendant knew the magazine could hold more than ten rounds of ammunition.  See Commonwealth v. Lao, 443 Mass. 770, 779 (2005) (rational inferences drawn from circumstantial evidence need only be reasonable and possible, not necessary and inescapable).  There was evidence that the defendant was familiar with the contents of the black bag.  The defendant's wife testified that the defendant had called her to the jail where he was being held (on an unrelated matter) and directed her to retrieve the black bag and to "hide" it for him.[4]  The defendant told her the bag was heavy and its contents expensive. He gestured with his finger in a manner that suggested to his wife he was speaking about guns.  The wife testified that she had seen him with the same black bag several months before she spoke to him at the jail.

There was also evidence that the defendant had at least some familiarity with guns.  The defendant's wife heard him fire a gun the same day she first saw the black bag.  On a different occasion, the defendant told his wife he had shot a gun because "he was mad."

---

[4] Instead of retrieving the bag, the defendant's wife reported the conversation to police, who obtained a search warrant for the apartment.

4

The rifle's exterior markings, "Norinco SKSS 7.62 x 39," connected it to the 7.62 x 39 bullets and the magazine into which they fit. Further, a fact finder could permissibly infer that the defendant had fired the rifle based on the spent 7.62 x 39 shell casings found in the black bag. Moreover, it was reasonable to infer that the defendant had handled the magazine because his fingerprint was found on it. Finally, a reasonable inference could be drawn that the defendant was aware the magazine held more than ten rounds of ammunition based on a comparison of the size of the 7.62 x 39 bullets to "the obvious large size of the thirty-round 'banana-style' magazine[]." Cassidy, 479 Mass. at 538.

Conclusion. Taken together, the evidence was sufficient to support a finding that the defendant knew the magazine could hold more than ten rounds of ammunition. Thus, we reverse so much of the motion judge's order as set aside the guilty finding

and judgment on the charge of possession of a large capacity feeding device.  In all other respects the order is affirmed.

<u>So ordered</u>.

By the Court (Englander, Hershfang & Brennan, JJ.[5]),

Paul Little

Clerk

Entered:  January 17, 2025.

---

[5] The panelists are listed in order of seniority.

6